

1  Abraham J. Colman (SBN 146933)
   Email: acolman@reedsmith.com
2  Raagini Shah (SBN 268022)
   Email: rshah@reedsmith.com
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA  90071-1514
4  Telephone:  +1 213 457 8000
   Facsimile:   +1 213 457 8080
5
   Attorneys for Defendant
6  Bank of America, N.A. (sued as "Bank of
   America National Association")
7

8              UNITED STATES DISTRICT COURT
9
        NORTHERN DISTRICT OF CALIFORNIA—SAN JOSE BRANCH
10
   FREDDY SYLVIA,                        Case No. 13       1177
11
                  Plaintiff,             [Removal from Superior Court of
12                                       California, County of Santa Clara Case
          vs.                            No. 113CV241056]
13
   BANK OF AMERICA, NATIONAL             **NOTICE OF REMOVAL OF CIVIL**
14 ASSOCIATION, an FDIC insured          **ACTION UNDER 28 U.S.C. § 1441(b)**
   corporation, and DOES 1 through 100   **AND (c)**
15 inclusive,
                                         **[FEDERAL QUESTION]**
16                Defendants.
                                         Complaint Filed: February 13, 2012
17

18

19

20

21

22

23

24

25

26

27

28

US_ACTIVE-112306461.1-RRSHAH 03/15/2013 10:02 AM
NOTICE OF REMOVAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant BANK OF AMERICA N.A. (sued as "Bank of America National Association") hereby removes this action described below from the Superior Court of California for Santa Clara County to the United States District Court for the Northern District of California, pursuant to Sections 1331, 1441(b) and (c), and 1446 of Title 28 of the United States Code ("U.S.C."). The removal is based on the following:

I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

1.   On February 13, 2013, Plaintiff Freddy Sylvia ("Plaintiff") filed a complaint ("Complaint") against Bank of America N.A. in the Superior Court of the State of California for the County of Santa Clara, entitled <u>Freddy Sylvia v. Bank of America, National Association.</u>, Case No. 113CV241056 (hereinafter, the "State Court Action"). The Complaint alleges (1) Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681 *et seq*; (2) Violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code Section 1725.25; and (3) Violation of California Business and Professions Code Section 17200 *et seq* ("UCL"). The Complaint, Summons, and Answer filed by Bank of America N.A. are attached hereto as **Exhibit A**, as required by 28 U.S.C. §1446(a).

2.   This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action arising under the laws of the United States, specifically the FCRA.

3.   This Court also has supplemental jurisdiction over Plaintiff's state claims as these claims arise from the same core operative facts relating to Bank of America N.A.'s alleged violations of the FCRA. Accordingly, Plaintiff's state law claims are related to Plaintiff's federal question claims, and thereby form a part of the same case

1  and controversy pursuant to 28 U.S.C. § 1367(a).

2  II.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

3      4.      Bank of America N.A. was served with the Complaint on February 15,

4  2013.

5      5.      This Notice of Removal is timely in that it is filed within thirty (30) days

6  from the point at which Bank of America N.A. had notice that the action was

7  removable, and less than a year after the commencement of the state court action. See

8  28 U.S.C. § 1446(b).

9      6.      The Superior Court of California for the County of Santa Clara is located

10  within the United States District Court for the Northern District of California—San

11  Jose Division. See 28 U.S.C. § 84(c)(2). Thus venue is proper in this Court because

12  it is the "district and division embracing the place where such action is pending." 28

13  U.S.C. § 1441(a).

14      7.      The only defendant named in the Complaint is Bank of America N.A.

15  Accordingly, all named defendants consent to this removal.

16      8.      In compliance with 28 U.S.C. § 1446(d), Bank of America N.A. will

17  serve on Plaintiff and will file with the Clerk of the Superior Court for the County of

18  Santa Clara, a written "Notice to the Clerk of the Superior Court of the County of

19  Santa Clara and To Adverse Parties of Filing of Notice of Removal of Civil Action to

20  Federal Court," attaching a copy of this Notice of Removal and all supporting papers.

21      9.      No previous application has been made for the relief requested herein.

22  ///

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    WHEREFORE, Bank of America N.A. respectfully removes this action from

2  the California Superior Court for the County of Santa Clara to this Court pursuant to

3  28 U.S.C. §§ 1332, 1441 and 1446.

4    DATED: March 15, 2013

5

6                                    REED SMITH LLP

7

8                                    By

9                                        Abraham J. Colman
                                         Raagini Shah
10                                       Attorneys for Bank of America N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

**EXHIBIT A**

1  SCOTT J. SAGARIA (BAR # 217981)
   SJSagaria@sagarialaw.com
2  ELLIOT W. GALE (BAR #263326)
   Bgale@sagarialaw.com
3  SAGARIA LAW, P.C.
   333 West San Carlos Street, Suite 620
4  San Jose, CA 95110
   408-279-2288 ph
5  408-279-2299 fax

6  Attorneys for Plaintiff

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SANTA CLARA

10                 UNLIMITED JURISDICTION

11

12                               CASE NO.:   1 1 3 C V 2 4 1 0 5 6

13

14                               COMPLAINT FOR DAMAGES:

15  FREDDY SYLVIA,                 1.  Violation of Fair Credit Reporting Act;
                                   2.  Violation of California Consumer Credit
16                Plaintiff,           Reporting Agencies Act;
                                   3.  Violation of California Unfair Business
17       v.                            Practices Act

18

19  BANK OF AMERICA, NATIONAL
    ASSOCIATION an FDIC insured
20  corporation and DOES 1 through 100
    inclusive,
21

22                Defendants.

23

24  COMES NOW Plaintiff FREDDY SYLVIA, an individual, based on information and belief, to

25  allege as follows:

26

27

28

                          COMPLAINT - 1

                       0000005

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of a prepetition debt discharged in bankruptcy.  In particular, Defendants' conduct involves inaccurately reporting two of Plaintiff's accounts as "charged off" to the credit reporting agencies ("CRA's") Experian, Equifax, and Transunion after receiving notice of Plaintiff's bankruptcy discharge. In addition, Defendant failed to report the debt as disputed to the CRA's.  Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Freddy Sylvia (hereinafter "Plaintiff"), is an individual and currently resides in the county of Santa Clara, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant Bank of America, National Association (hereinafter "Creditor") is located at 101 North Tyron Street Charlotte NC 28201. Creditor collects debts on its own behalf throughout the state of California.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore.  When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things

COMPLAINT - 2

1  herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint
2  and all proceedings to set forth the same, pursuant to California Code of Civil
3  Procedure 474.

4  9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned
5  herein, each of Defendant is, and at all relevant times herein was, the agent, employee,
6  and alter ego of each of the remaining Co-Defendants, and in committing the acts
7  herein alleged, was acting in the scope of their authority as such agents, employees, or
8  alter egos and with the permission and consent of the remaining Co-Defendants.

9  ## PRE-LITIGATION CLAIM FILINGS

10  10. On or about November 2, 2012 Plaintiff sent a written notice to Experian, Transunion,
11  and Equifax disputing the accuracy of the "charge off" notation reported on Plaintiff's
12  discharged credit account.  Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting
13  Act, all three CRA's notified Creditor of Plaintiff's dispute.  After receiving notice of
14  Plaintiff's allegations, Creditor continued reporting the status of the accounts as
15  "charged off" while also failing to report that Plaintiff disputed the account
16  information.

17  ## GENERAL ALLEGATIONS

18  11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and
19  every paragraph above, as though fully set forth herein.

20  12. On May 7, 2009 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United
21  States Bankruptcy Court for the Northern District of California.

22  13. In the Schedules filed with the petition in this case and on the master mailing matrix
23  filed with the Clerk of this Court, an secured debt was listed on Schedule F in favor of
24  Creditor in the amount of $24,581.00.

25  14. On August 11, 2009 Plaintiff was granted a discharge of all dischargeable debts
26  pursuant to 11 U.S.C. § 727.  Creditor was noticed by electronic transmission of
27  Plaintiff's discharge on August 11, 2009. Since Plaintiff never re-affirmed Creditor's
28  debt during bankruptcy, Plaintiff alleges that this Discharge included the debt owed to
Creditor.

COMPLAINT - 3

15. On October 15, 2012 Plaintiff pulled credit reports from Experian, Equifax, and Transunion to ensure accurate reporting. The reports indicate that Creditor reported the accounts as "charged off" and "past due" to all three CRA's after entry of the discharge order.

16. Plaintiff alleges the information was misleading and inaccurate. Plaintiff alleges the "charge off" notation was inaccurate because it suggests that the account Defendant still has the ability to enforce the debt personally against Plaintiff. Plaintiff alleges that the "charge off" notation was also inaccurate because it violates the industry standard for credit reporting under the Metro 2 Format. Plaintiff alleges that upon entry of the discharge order, Defendant instead should have reported a "no data" notation in the payment history section of Plaintiff's credit reports.

17. On or about November 2, 2012 Plaintiff sent a letter to the CRA's Experian, Transunion, and Equifax requesting a formal, full, and complete investigation of Creditor's account with Plaintiff. Specifically, Plaintiff disputed the accuracy of the "charge off" notation Creditor reported on the account after entry of the discharge order. Plaintiff alleges all three CRA's sent notice of Plaintiff's dispute to Creditor.

18. On or about February 1, 2013 Plaintiff received subsequent credit reports from Equifax, Experian, and Transunion. Plaintiff alleges the reports indicate Creditor continued reporting the inaccurate "charge off" notation while also failing to report that Plaintiff disputed the account information.

19. To date, Creditor still refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from Experian, Equifax, and Transunion.

20. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

21. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

22. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

COMPLAINT - 4

0000008

**FIRST CAUSE OF ACTION**
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

23. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

24. Creditor, in the course of regular business, reports information to credit reporting agencies.

25. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian, Transunion, and Equifax. All three CRA's sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute pursuant to Section 1681s-2(b).

26. Plaintiff is informed that Creditor's investigation of Plaintiff's dispute with the CRA's was unreasonable. More specifically, Creditor should have discovered from its records, including two notices from the bankruptcy noticing center, disputes, and the Credit Reporting Resource Guide that a "charge off" notation reported on an account after entry of a bankruptcy discharge order is inaccurate.

27. Plaintiff alleges that Creditor should have discovered the inaccuracies and corrected its past misreporting to all three CRA's pursuant to 15 U.S.C. § 1681s-2(b)(1)(E).

28. Plaintiff is informed that Creditor separately violated Section 1681s-2(b) by failing to report to the CRA's that Plaintiff still disputed the account information.

29. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

30. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's

0000009

counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

31. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

32. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

33. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

34. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

35. Creditor intentionally and knowingly reported inaccurate and false information. Plaintiff alleges that Creditor continued reporting an inaccurate "charge off" notation to Experian, Transunion, and Equifax after entry of the bankruptcy discharge order. Plaintiff alleges Creditor's actions violated California Civil Code § 1785.25(a).

36. Creditor had reason to know continuing to report the "charge off" notation to all three CRA's was inaccurate. Plaintiff alleges that the disputes, the credit reporting resource guide, and the results of its investigation provided Creditor with notice of its inaccurate reporting.

37. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

38. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

0000010

7/82    Feb-19-2013 11:03 AM BANK OF AMERICA 408-454-3876

39. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

40. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

41. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

42. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

43. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

44. Plaintiff brings this action in individual capacity and on behalf of the general public.

45. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

46. Commencing on or about September 18, 2011 and continuing to the present, Creditor committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

47. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of Business and Professions Code § 17200.

0000011

Feb-19-2013 11:03 AM BANK OF AMERICA 408-454-3876

48. These unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

49. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b.  Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    d.  Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;

    e.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

    f.  For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

    g.  For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: February 7, 2013      By:

                             Scott Sagaria, Esq.
                             Elliot Gale, Esq.
                             Attorneys for Plaintiff

COMPLAINT - 8

0000012

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Bank of America, National Association an FDIC insured corporation and
DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Freddy Sylvia

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FEB 13 A 11:32

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es): Santa Clara <br> 191 North First Street <br> San Jose, CA 95113 | CASE NUMBER: <br> (Número del Caso): <br> 1 1 3 C V 2 4 1 0 5 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Elliot Gale, 333 West San Carlos Street, Suite 620 San Jose, CA 95110, 1-408-279-2288

| DATE: FEB 13 2013 <br> (Fecha) | Clerk, by <br> (Secretario) | , Deputy <br> (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Bank of America, National Association

   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

0000013

10/82

Feb-19-2013 11:03 AM BANK OF AMERICA 408-454-3876

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (#263326)
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750 San Jose, CA 95110
TELEPHONE NO.: 408-279-2288        FAX NO.: 408-279-2299
ATTORNEY FOR (Name): Froddy Sylvia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Civil

CASE NAME:
Sylvia v. Bank of America, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 1 1 3 C V 2 4 1 0 5 6 |
| | | | JUDGE: | |
| | | | DEPT: | |

FOR COURT USE ONLY

2013 FEB 13   A 11: 32

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Three
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 7, 2013
Elliot Gale
(TYPE OR PRINT NAME)                          ▶  ✗ _____
                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

0000014

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

0000015

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **1 1 3 C V 2 4 1 0 5 6**

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint,* using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: **Honorable Kevin McKenney** | Department: **20** |

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: **6 - 11 - 13**  Time: **2:15 PM** in Department: **20**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____  Time: _____  in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed ADR Stipulation Form (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08           CIVIL LAWSUIT NOTICE           Page 1 of 1

28/EL

Feb-19-2013 11:03 AM BANK OF AMERICA 408-454-3876

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
   < The parties want a non-adversary procedure
   < The parties have a continuing business or personal relationship
   < Communication problems are interfering with a resolution
   < There is an emotional element involved
   < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
   < The parties are far apart in their view of the law or value of the case
   < The case involves a technical issue in which the evaluator has expertise
   < Case planning assistance would be helpful and would save legal fees and costs
   < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION
CV-5003 REV 6/08

0000017

1 | Abraham J. Colman (SBN 146933)
Raagini Shah (SBN 268022)
2 | REED SMITH LLP
355 South Grand Avenue
3 | Suite 2900
Los Angeles, CA 90071-1514
4 | Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
5
Attorneys for Bank of America, N.A.
6

ENDORSED

2013 MAR 12 P 2: 30

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California

L. Barajas

Deputy Clerk

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SANTA CLARA

10

11 | FREDDY SYLVIA,                          No.: 113CV241056

12 |                Plaintiff,               **DEFENDANT BANK OF AMERICA, N.A.'S**
                                            **ANSWER TO PLAINTIFF'S COMPLAINT**
13 | vs.

14 | BANK OF AMERICA, NATIONAL               Compl. Filed: February 13, 2013
ASSOCIATION, an FDIC insured corporation,
15 | and DOES 10 through 100 inclusive,

16 |                Defendant.

17

18      Defendant Bank of America, N.A.[1] ("Defendant") answering the Complaint of Freddy Sylvia

19 | ("Plaintiff"), admits, denies, and alleges as follows:

20                              **GENERAL DENIAL**

21      Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant denies each and

22 | every allegation contained in the Complaint. Defendant further denies that Plaintiff has sustained

23 | damages in the amounts alleged in the Complaint, or any damages at all, by reason of any act, breach

24 | or omission on the part of Plaintiff or its agents, representatives, or employees.

25

26

27      [1] Defendant believe that it may have been improperly named in this Complaint. No specific account
is identified in the Complaint. Should the allegations in the Complaint pertain to Plaintiff's credit
28 | card account, FIA Card Services, N.A. would be the proper party to this lawsuit. FIA Card Services,
N.A. is the only issuer and servicer of "Bank of America" credit cards in the United States.

– 1 –                              US_ACTIVE-112219349.1-RRSHAH 03/12/2013 12:34 PM

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state a claim against Defendant upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's claims may be barred by all applicable statutes of limitations.

THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

FIFTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff, by reason of his own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived whatever rights he may have had to assert the claims alleged in the Complaint.

SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's claims are barred by the equitable doctrine of estoppel.

SEVENTH AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's claims are barred by the doctrine of laches.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

0000019

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH AFFIRMATIVE DEFENSE

(Justification)

Each and every act of Defendant complained of in this Complaint was justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

## NINTH AFFIRMATIVE DEFENSE

(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, and not by Defendant.

## TENTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

Although Defendant denies any liability in this matter, Defendant contends that any alleged acts or omissions of Defendant giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Defendant.  Defendant acted in a reasonable manner in connection with the transaction at issue in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith Conduct)

Defendant at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Causation)

The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Malice)

Defendant specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

0000020

### FOURTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

Plaintiff's demand for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff's claims are barred because Plaintiff lacks standing to bring them.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Preemption)

Plaintiff's claims are barred because one or more of Plaintiff's claims is preempted by federal law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Private Right of Action)

Plaintiff's causes of action for violation of 15 U.S.C. Section 1681 *et seq.* and California Civil Code Section 1785.1 *et seq.* are barred as a matter of law because the statutes confer no private right of action on Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Wrong Party)

Plaintiff's entire Complaint is barred because Plaintiff has sued the wrong entity defendant.

### OTHER DEFENSES

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by reason of his Complaint on file herein;

2.      For costs of suit incurred herein;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

3.     For such other and further relief as the Court may deem just and proper.

DATED:  March 12, 2013

REED SMITH LLP

By _____

Raagini Shah
Attorney for Defendant
Bank of America, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 5 —

DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
2                                                    )     ss
COUNTY OF LOS ANGELES   )
3

4       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.
5

6       I am readily familiar with the firm's business practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under said practice, correspondence is deposited with the U.S. Postal Service in the ordinary course of business on that same day with postage
7   thereon fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing
8   in this declaration.

9       On March 12, 2013, I served the foregoing document described as: **DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT** by having placed a true copy
10   thereof in a sealed envelope addressed as follows:

11       Scott J. Sagaria, Esq.
         Elliot W. Gale, Esq.
12       Sagaria Law, P.C.
         333 W. San Carlos St., Suite 1750
13       San Jose, California  95110
         Telephone:  (408) 279-2288
14       Facsimile:  (408) 279-2299

15   I deposited such envelope with postage thereon prepaid with the United States Postal Service at 355 South Grand Avenue, Suite 2900, Los Angeles, California.
16

17       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
         Executed on March 12, 2013, at Los Angeles, California.
18

19

20   Charles Koster
     Type or Print Name

21

22

23

24

25

26

27

28

0000023